CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 16 2018

JULIA C. DUDLEY, CLERK
BY: /s/

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRUCE DWAYNE BARNES, | ) | CASE NO. 7:10CV00544 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| WARDEN, POCAHONTAS STATE | ) | |
| CORRECTIONAL CENTER, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

In this long-closed habeas corpus action under 28 U.S.C. § 2254, the pro se petitioner, Bruce Dwayne Barnes, now moves to vacate this court's dismissal order under Rule 60(b) of the Federal Rules of Civil Procedure. After review of the record, the court concludes that Barnes' motion must be denied under Rule 60(b), and his submission must be construed and separately docketed as a second § 2254 petition.

Barnes' initial § 2254 petition challenged the validity of his confinement under the 2007 judgment of the Circuit Court for Scott County, Virginia, convicting him of a misdemeanor charge and two felony controlled substance offenses. Specifically, Barnes claims that admission into evidence of the certificate of analysis, stating the results of the drug analysis performed by technicians at the Virginia Department of Forensic Science, violated his rights under the Confrontation Clause of the Sixth Amendment. The respondent filed a motion to dismiss Barnes' claim as barred by the doctrine of procedural default, to which Barnes responded. The court granted the motion, finding that Barnes had not shown cause for his procedural default. Barnes v. Warden, No. 7:10CV00544, 2011 WL 1428088 (W.D. Va. Apr. 13, 2011) (ECF Nos. 19 and 20). Barnes did not appeal. Now, years later, Barnes moves to have the court's denial of habeas corpus relief vacated under Rule 60(b) to revisit his Confrontation Clause claim.

Rule 60(b) authorizes relief from a civil judgment based on, among other things, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" or "any other reason that justifies relief." Rule 60(b)(2) and (6). Such relief is an extraordinary remedy and should be invoked only when "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto Insur. Co., 993 F.2d 46, 48 (4th Cir. 1993). "Such circumstances will rarely occur in the habeas context." Gonzales v. Crosby, 545 U.S. 524, 535 (2005). A proper Rule 60(b) motion in a federal habeas action must attack "some defect in the integrity of the federal habeas proceedings," rather than "the substance of the federal court's resolution of a [habeas] claim on the merits. Id. at 532. On the other hand, "a Rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a [habeas] claim for relief should be treated as a successive habeas petition." Id. at 534; United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (holding "that district courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application") (internal quotation marks and citation omitted).

Barnes' Rule 60(b) motion does not identify any defect whatsoever in the court's past ruling that his claims in the federal habeas action were procedurally defaulted. Rather, Barnes inaccurately asserts that his initial § 2254 petition was dismissed "without prejudice," and moves to reinstate his Confrontation Clause challenge to his state court conviction. Mot. 1, ECF No. 25. Accordingly, the court must deny his motion under Rule 60(b) and construe and redocket his submission as a § 2254 petition. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record.

ENTER: This 16th day of May, 2018.

/s/ Glen Conrad
Senior United States District Judge